UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY McKINLEY, CDCR #AM-6145,<br><br>Plaintiff,<br><br>vs.<br><br>AMY MILLER; J.G. JANDA; R. PREMDAS; B. HUGIE<br><br>Defendants. | Case No.: 3:15-cv-0228-WQH-RBB<br><br>**ORDER:**<br><br>**1) DENYING MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 24]; and**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

Terry McKinley ("Plaintiff") currently incarcerated at the California Men's Colony located in San Luis Obispo, California, is proceeding pro se in this case with a civil rights action filed pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has filed a Motion for Appointment of Counsel. (ECF No. 24.) Plaintiff has not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a); instead, he was granted leave to proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3). The operative pleading before this Court is Plaintiff's First Amended Complaint ("FAC"). (ECF No. 22.)

*/ / /*

## I. Motion to Appoint Counsel

Plaintiff seeks counsel in this matter on the grounds that he is indigent and the "issues involved are complex and of a serious matter." (Pl.'s Mot., ECF No. 24, at 1.) In addition, Plaintiff also contends that he suffers from memory loss and has "no legal comprehension." (*Id.*) However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). While 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

The Court denies Plaintiff's request without prejudice because nothing in his FAC, or in his Motion to Appoint Counsel, suggests he is incapable of articulating the factual basis for his claims, which appear "relatively straightforward." *Id.* In fact, the Court finds, based on its screening of Plaintiff's FAC under the standards of review discussed below, that Plaintiff has pleaded sufficient factual content to state plausible Eighth Amendment claims. However, at this initial stage of the pleadings, Plaintiff has not yet shown a likelihood of success on the merits. *Id.* Therefore, the Court finds no "exceptional circumstances" and DENIES the Motion to Appoint Counsel (ECF No. 24) on that basis. *See, e.g.*, *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, but did not show likelihood of succeed on the merits).

## II. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer

screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

Here, the Court finds Plaintiff's FAC contains claims sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm* 680 F.3d at 1123; *Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment)

Accordingly, the Court will direct the U.S. Marshal to effect service upon Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Order

For the reasons discussed, the Court:

1) **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 24) without prejudice.

2) **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC (ECF No. 22) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of the March 11, 2015 Order, a certified copy of his FAC and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible pursuant to S.D. CAL. CIVLR 4.1c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

6) **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon Defendants as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

7) **ORDERS** Defendants, once they have been served, to reply to Plaintiff's FAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure

12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the

pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

     8)    **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants may be disregarded.

     **IT IS SO ORDERED**.

Dated: August 29, 2017

*[signature]*
Hon. William Q. Hayes
United States District Court