UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY MCKINLEY,<br>　　　　　　　　Plaintiff,<br>v.<br>A. MILLER, et al.,<br>　　　　　　　　Defendants. | Case No.: 15cv228-WQH-RBB<br>**ORDER** |

HAYES, Judge:

　The matters before the Court are the motion to dismiss filed by Defendant Miller (ECF No. 33), the Report and Recommendation issued by the Magistrate Judge (ECF No. 36), and the objections filed by Plaintiff (ECF No. 42).

**I.　BACKGROUND**

　On July 24, 2017, Plaintiff Terry McKinley, a state prisoner proceeding pro se and in forma pauperis, filed a First Amended Complaint ("Amended Complaint"), the operative proceeding in this case, pursuant to 42 U.S.C. § 1983. (ECF No. 22). Plaintiff alleges that while he was incarcerated at Centinela State Prison ("Centinela"), Defendants Warden Miller, Deputy Warden Janda, Correctional Officer Hugie, and Correctional Officer Premdas violated his rights under the First Amendment and the Eighth Amendment. *Id.*

　Plaintiff alleges that Centinela routinely houses "unclassified inmates" in cells with general population inmates in violation of CDCR policy. *Id.* at 3. Plaintiff alleges that his

1

cell "had been a revolving door for unclassified transitional [inmates]." Plaintiff alleges that a search of Plaintiff's cell "resulted in the discovery of marijuana in the clothing in an unoccupied bunk area above Plaintiff's" which was for the use of the "unclassified transitional inmates. *Id.* Plaintiff alleges that he never wore or possessed the extra clothing but was still subject to disciplinary action through placement in Administrative Segregation and a rules violation report. *Id.* at 4. Plaintiff alleges, "The administration's policy at Centinela State Prison, authorized by the warden and her staff, enabled this violation to occur, as the authorization by the warden and her staff, enabled this violation to occur, as the authorization of this policy prevented relief from being rewarded, thus making CDCR, Centinela State Prison in particular, liable for the violation." *Id.*

On July 25, 2013, following Plaintiff's filing of a CDCR-602 Inmate/Parolee Appeal Form, Plaintiff's charge was reduced from drug trafficking to possession of a controlled substance, and Plaintiff was released to the general population. *Id.* at 5, 11–12. Plaintiff alleges that upon his release, several inmates informed him that he had been "labled [sic] a 'snitch' by staff due to his 602 appeal on the drug possession charge" and that this rumor "could only have been generated by correction staff." *Id.* at 5. Plaintiff alleges that it "came to his attention" that Defendants Hugie and Premdas were responsible for "slandering him and defaming his character . . . in retaliation for 1) exposing Centinela State Prison's underground policy of housing [inmates] together of different classification statutes, and 2) the filing of numerous 602's." *Id.* Plaintiff alleges that in response to Plaintiff's question about why false rumors were being spread about him, Officer Hugie stated that, "It came from high up." *Id.*

Plaintiff alleges that he was "physically attached on the recreation yard" after refusing to carry out a "hit" on a new cellmate. *Id.* at 6. Plaintiff alleges that he suffered a concussion, loss of memory, and a loss of "mental acuity." *Id.* Plaintiff alleges that the attack was a "culmination of the malicious and vindictive rumor spreading carried out by the administration, namely C/O's Hugie and Premdas, ordered from 'high up.'" *Id.*

On December 6, 2017, Defendant Miller filed a motion to dismiss for failure to state a claim.[1] (ECF No. 33). Defendant Miller contends that Plaintiff fails to state a claim against her because there are no allegations that Miller was personally involved in the alleged actions against Plaintiff. Further, Miller contends that she cannot be held liable for the wrongdoing of other staff at Centinela solely based on her supervisory position. *Id.*

On January 2, 2018, Plaintiff filed a response in opposition to the motion to dismiss. (ECF No. 35).

The docket reflects that Defendant Miller did not file a reply.

On April 20, 2018, the Magistrate Judge issued a Report and Recommendation (ECF No. 36). The Report and Recommendation recommends that the Court grant the motion to dismiss the Eighth Amendment claim and First Amendment claim against Defendant Miller with leave to amend. With respect to the Eighth Amendment claim, the Report and Recommendation states,

> The Amended Complaint does not describe what actions Defendant Miller took or failed to take that caused the alleged constitutional violations. It also does not state any specific facts suggesting a causal connection between Miller's actions and the injury to Plaintiff. McKinley therefore fails to allege sufficient personal involvement of Defendant Miller or a causal connection between Miller's actions and the alleged constitutional injury.

(ECF No. 36 at 11). With respect to the First Amendment claim, the Report and Recommendation states,

> To the extent Plaintiff claims that Warden Miller is responsible for the violation of McKinley's First Amendment rights because of her supervisory position over Centinela's correctional officers, the pleading does not allege Miller personally participated in retaliatory conduct. . . . While McKinley generally states that Warden Miller established policies and regulations at Centinela, he does not provide any facts showing that Miller instituted specific

---

[1] The notice of motion and motion to dismiss states that Defendants Miller and Hugie move to dismiss the Amended Complaint (ECF No. 33); however, the memorandum of points and authorities in support of motion to dismiss only presents arguments for dismissal on behalf of Miller and requests that the "Court grant the motion and dismiss Defendant Miller." (ECF No. 33-1).

policies or regulations in retaliation for McKinley's filing of prison grievances. . . . Further, if Plaintiff is speculating that Defendant Miller violated McKinley's First Amendment rights because prison staff labeled him a "snitch" in retaliation for Plaintiff's filing of prison grievances, the claim is unsupported by the facts alleged in the Amended Complaint.

*Id.* at 13.

The Report and Recommendation further noted that no proof of service has been filed with respect to Defendants Janda and Premdas as of April 20, 2018. *Id.* at 14. The Report and Recommendation recommends that the Court issue an Order to Show Cause why Defendants Janda and Premdas should not be dismissed for failure to complete service within the time limits set forth in Federal Rule of Civil Procedure 4(m). *Id.* at 15.

On May 8, 2018, a waiver of service was filed with respect to Defendant Janda. (ECF No. 41).

On May 7, 2018, summons was returned unexecuted with respect to Defendant Premdas. (ECF No. 40). The document states, "5/4/18 – PER CDCR, PREMDAS SEPARATED WITH NO LAST KNOWN ADDRESS." *Id.*

On May 21, 2018, Plaintiff filed objections to the Report and Recommendation. (ECF No. 42).

The docket reflects that no response to the objections was filed.

## II. LEGAL STANDARD

The duties of the district court in connection with a report and recommendation issued by a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

///

### III. OBJECTIONS

Plaintiff contends that he states a claim against Defendant Miller because the "law supports liability being attached to those in supervisory positions if their subordinates are involved in unauthorized activities that the supervisor is aware of but do[es] nothing to remedy." (ECF No. 42). Plaintiff asserts that Defendant Miller "was aware of Plaintiff's complaints as well as his concerns for his safety" and "did not investigate any of those complaints or concerns until an assault had been committed against the Plaintiff." *Id.* at 1–2. Plaintiff contends that "[i]t is obvious here that if Defendant Miller had ordered an investigation in-to the complaints and concerns of the Plaintiff prior to the assault and not turned a blind eye and deaf ear to the slanderous and defamatory actions perpetrated against Ms. McKinley by Defendants Hugie and Premdas, there would not have been an assault[.]" *Id.* at 2. Further, Plaintiff contends that the United States Marshal Service is responsible for any service issues with respect to Defendants Janda and Premdas but states that he will comply with any necessary service requirements. *Id.* at 4.

The Court is limited to the factual allegations of the Amended Complaint and the materials attached to the Amended Complaint in ruling on this motion to dismiss for failure to state a claim. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (stating that "as a general rule" a district court cannot consider material beyond the pleadings in ruling on a motion to dismiss under Rule 12(b)(6)). Upon review of the Amended Complaint, the Court concludes that the Magistrate Judge properly determined that the allegations of the Complaint were insufficient to state a claim for violations of the First Amendment and Eighth Amendment against Defendant Warden Miller. The Amended Complaint fails to allege facts sufficient to support an inference that Defendant Miller was personally involved in any constitutional deprivation of Plaintiff's First Amendment and Eighth Amendment rights or that a sufficient causal connection exists between any of her conduct as supervisor and the constitutional deprivations at issue here. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional

deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'").

After the filing of the Report and Recommendation in this case, a waiver of service was filed for Defendant Janda. (ECF No. 41). An order to show cause as to why service has not been timely effectuated is no longer necessary for this Defendant.[2]

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED with the exception of the recommendation to issue an order to show cause. (ECF No. 36). The motion to dismiss filed by Defendant Miller is GRANTED (ECF No. 33).

IT IS FURTHER ORDERED that Defendant Premdas is dismissed without prejudice at this stage in the proceedings for lack of service pursuant to Federal Rule of Civil Procedure 4(m).

The case proceeds as to the remaining Defendants in this action, Defendants Hugie and Janda.

Dated: August 7, 2018

Hon. William Q. Hayes
United States District Court

---

[2] The docket reflects that service has not been completed with respect to Defendant Premdas. (ECF No. 40). The U.S. Marshal was unable to locate this Defendant and was informed by the CDCR that he has "separated with no last known address." *Id.* at 1. Defendant Premdas is dismissed without prejudice at this stage in the proceedings. *See* Fed. R. Civ. P. 4(m).

6

15cv228-WQH-RBB