UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TERRY McKINLEY, | Case No.: 3:15-cv-00228-WQH-RBB |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | |
| B. HUGIE, Correctional Officer, | |
| Defendant. | |

HAYES, Judge:

The matters before the Court are the Motion to Withdraw as Counsel of Record (ECF No. 123) filed by counsel for Plaintiff Terry McKinley, Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"), and the Joint Motion to Stay Proceedings (ECF No. 124).

Counsel for Plaintiff requests withdrawal on the following grounds: (1) "there has been a fundamental breakdown in the attorney-client relationship and a material inability for Allen Matkins to carry out a full and zealous representation of Plaintiff in this matter"; and (2) "Plaintiff has breached the obligations necessary to the representation." (ECF No. 123-1 at 2.) Counsel contends that "attorney-client privilege obligations prevent a more detailed explanation." *Id.* In support of its motion, counsel provides the Declaration of Ryan T. Waggoner, the lead attorney for Plaintiff, who states that "Allen Matkins has taken

all steps necessary to prevent prejudice to Plaintiff," "Plaintiff has been informed that Allen Matkins would be making this request," "opposing counsel does not oppose the request," and "[b]oth Plaintiff and opposing counsel have been formally served" with the motion. (ECF No. 123-2 ¶¶ 3-4, 6.)

An attorney must obtain leave of court to withdraw as counsel and the decision to grant or deny leave to withdraw is committed to the discretion of the court. *See Kassab v. San Diego Police Dept.*, No. 07cv1071 WQH (WMc), 2008 WL 251935, at *1 (S.D. Cal. Jan 29, 2008). Courts ruling on motions to withdraw as counsel have considered: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *See id.*

The Motion to Withdraw as Counsel of Record in this case is unopposed and there is no evidence in the record that withdrawal will prejudice the litigants, harm the administration of justice, or result in more than a limited delay of the adjudication of this action. Although the Court is unable to review the factual basis for counsel's contentions that good cause exists for withdrawal due to counsel's assertion of attorney-client privilege, the Court finds that there is good cause to permit withdrawal in light of all relevant factors. The Motion to Withdraw as Counsel of Record is granted.

The parties request a stay of this action for a period of at least six months and vacation of all deadlines so that Plaintiff has an opportunity to obtain new counsel. The Court finds good cause to vacate the deadlines and grant a stay of 90 days in the interest of mitigating delay of the resolution of this action.[1]

IT IS HEREBY ORDERED that the Motion to Withdraw as Counsel of Record (ECF No. 123) is granted.

---

[1] As the Court has previously informed Plaintiff, there is no right to counsel in a civil action. (*See* ECF No. 69 at 2.) The Court declines to refer this action for the third time to the Pro Bono Panel.

IT IS FURTHER ORDERED that the Joint Motion to Stay Proceedings (ECF No. 124) is granted in part. The deadlines in the operative Scheduling Order (ECF No. 117), Minute Entry (ECF No. 120), and Order partially modifying the Scheduling Order (ECF No. 122) are vacated, and this action is stayed for ninety (90) days.

Dated: September 30, 2022

*[signature]*
Hon. William Q. Hayes
United States District Court